In the Matter of the Claim of ROBERT ABEL, Respondent, v. McKAIG-HATCH, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.—

The statement by the majority that no appeal was taken from a prior decision of the board and, therefore, it is final and conclusive, is correct but not applicable here. Upon a request for review by both employers as a result of the Referee's decision dated May 15, 1969 the board undertook to review all of the prior proceedings and determinations including its decision of October 18, 1966 and clearly within its authority. The record shows that Dr. Scanio in a report dated November 16, 1965 stated: " He [Abel] stated that he had worked in noisy areas all of his life, including two years as a millwright at General Drop Forge and that his hearing had been impaired for 7–8 years. I next examined Mr. Abel on May 5, 1962 " and that claimant sustained a loss of hearing. There was, as noted by the majority, medical evidence that the loss of hearing was not due to industrial noise trauma and thus a medical dispute but it is significant to note that there is no dispute that while working for both employers the claimant was exposed to "harmful noise" and that he sustained a loss of hearing. There is substantial evidence to sustain the board's determination.